Maxi., Judge.--
 

 The first objection in this case is, that the plaintiff hied no affidavit', denying the truth of the answer of .the defendant’s intestate upon his garnishment. The act of IT93, (Rev.
 
 c.
 
 38 9) which governs this case, declares, that when the garnishee shall deny that, he or she owes to, or has property in Ids or her hands belonging to the defendant, and the plaintiff in the attachment shall on oath suggest, that the garnishee owes to, or Las in his of her hands property belonging to the defendant, thou, &c„ The. act further declares, that when the garnishee mokes such a statement of facts, shat the court before whom such garnishment shall be made, cannot'proceed to give judgment thereon, then the court shall order <-n issue to he nia.de up. ■ The plaintiff’s oath seems to h< no'vssr.ry, in order to induce the court to proceed farther, when the garnishee either positively denies that he owes the defendant any thing, or has in his hands any property belonging to him. The garnishment, in the present case, was not of that precise kind. The garnishee states, that he owed the defendant nothing, hut that he had property in his possession which he received from the defendant, but which he received in discharge of a debt due to himself. So that the plaintiff’s affidavit was not necessary to induce the court to go farther. The only question was, who liad a right to the property, the defendant or the garnishee. It was such a statement of facts made by the garnishee,
 
 *98
 
 that the court could not proceed to give judgment without the intervention of a jury ; and they proceeded to jmpannei one, as the act directs. But suppose the plaintiff’s affidavit was necessary ; no objection for the want ofit was made, when issue on the garnishment was joined. And after the verdict in the Superior Court, for the first time, exception is taken to the proceedings, for want of that affidavit. I think there was nothing in it, either to induce the court to dismiss the proceedings or arrest the judgment.
 

 Per Curiam. — Judgment affirmed.